# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

FLOYD FOSTER,

    Petitioner,

v.

SAN MATEO COUNTY SUPERIOR COURT,

    Respondent.

Case No. 19-cv-00839-EMC

**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT**

Docket No. 6

On April 30, 2019, the Court dismissed the petition for writ of habeas corpus and entered judgment because Petitioner did not satisfy the habeas custody requirement. As the Court explained, the federal writ of habeas corpus is only available to persons "in custody" for the conviction or sentence under attack at the time the petition is filed, 28 U.S.C. § 2241(c) and § 2254(a); petitioner did not satisfy the custody requirement because his 7-year sentence for the 1983 conviction he was trying to challenge had expired many years before he filed this action. Docket No. 3.

Petitioner has moved to alter or amend the judgment, arguing that he does satisfy the custody requirement for his challenge to the 1983 conviction because (a) that conviction has led to a higher bail amount in a criminal case now pending in the Fresno County Superior Court in which he is charged with felony DUI ("the Fresno case"), and (b) that conviction has been alleged as a prior strike conviction for sentence enhancement purposes and thus may lead to a longer sentence if Petitioner is ever convicted in the Fresno case.

A party may move to alter or amend a judgment in a motion filed no later than 28 days after entry of judgment. *See* Fed. R. Civ. P. 59(e). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "'should not be granted, absent highly unusual circumstances,

unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

Petitioner has not shown newly discovered evidence, clear error by the Court, or an intervening change in the law. First, the fact that the 1983 conviction has resulted in higher bail in the Fresno case does not show that Petitioner is now in custody on that 1983 conviction. His current custody is due to the pending charges in Fresno County Superior Court rather than the 1983 conviction. If he wishes to challenge his current custody based on the higher bail amount, he may file a petition for writ of habeas corpus in the U.S. District Court for the Eastern District of California under 28 U.S.C. § 2241 to challenge his pretrial detention in the Fresno case. Second, the mere possibility that the 1983 conviction might at some day in the future be used for sentence enhancement purposes if he ever gets convicted in the Fresno case does not satisfy the custody requirement for a current challenge to the 1983 conviction. If Petitioner does get convicted in the Fresno case and the 1983 conviction is used to enhance his sentence on that conviction in the Fresno case, Petitioner may file a petition for writ of habeas corpus in the U.S. District Court for the Eastern District of California under 28 U.S.C. § 2254 to challenge the sentence in the Fresno case. *See Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401-02 (2001) (habeas petition challenging the validity of an expired conviction being used as a sentence enhancement for his current conviction is construed as an attack on the petitioner's current sentence); *Dubrin v. California*, 720 F.3d 1095, 1097 (9th Cir. 2013) (petitioner "has fully served the sentence he received for the 2000 conviction, so he is no longer 'in custody' on that conviction. But he is 'in custody' under the 2008 sentence, the constitutionality of which the district court may review under 28 U.S.C. § 2254(a)," including claim that the 2008 sentence was enhanced by an allegedly invalid prior conviction). For the foregoing reasons, the motion to alter or amend the judgment is **DENIED**. Docket No. 6.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

2

district court was correct in its procedural [rulings]" in the order of dismissal or in this order. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The denial of the certificate of appealability is without prejudice to petitioner seeking a certificate from the United States Court of Appeals for the Ninth Circuit.

Petitioner asks that the Court send him "appeal forms." Docket No. 6 at 2. The clerk will send to Petitioner a copy of the Ninth Circuit's Notice of Appeal form. Basic information about the process for taking an appeal can be found by clicking on the "pro se litigants" tab on the left side of the screen on the Ninth Circuit's public website, www.ca9.uscourts.gov.

**IT IS SO ORDERED**.

Dated: June 17, 2019

_____
EDWARD M. CHEN
United States District Judge